IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JUAN SEGOVIA and VICTOR FLORES,**                                    **PLAINTIFFS**
**Each Individually and on behalf of All**
**Others Similarly Situated**


vs.                                  No. 5:17-cv-1246-FB-HJB


**FUELCO ENERGY LLC**                                               **DEFENDANT**

<u>**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**</u>
<u>**AND INCORPORATED BRIEF IN SUPPORT**</u>

COME NOW Plaintiffs Juan Segovia and Victor Flores, each individually and on
behalf of all others similarly situated (collectively "Plaintiffs"), through undersigned
counsel, and for their Motion for Conditional Certification and Incorporated Brief in
Support, they do state and allege as follows:

1.      Plaintiffs brought this suit on behalf of certain former and current
Operators of Defendant Fuelco Energy LLC ("Defendant"), to recover overtime wages
and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
("FLSA").

2.      Plaintiffs bring this action as a collective action pursuant to 29 U.S.C.
§ 216(b). Plaintiffs ask this Court to conditionally certify the following class:

        **All current and former employees of Defendant who were**
        **employed as Operators at any time since December 8, 2014.**

3.      In conjunction with the current Motion, Plaintiffs file their Motion for
Approval and Distribution of Notice and for Disclosure of Contact Information, setting

Page 1 of 10
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB
Motion for Conditional Certification and Incorporated Brief in Support

forth Plaintiffs' requests related to providing notice to members of any class certified by this Court pursuant to the current Motion.

4.      Plaintiffs incorporate the Declaration of Juan Segovia (ECF No.15-1), the Declaration of Victor Flores (ECF No.15-2), the Declaration of Eric Rodriguez (ECF No. 15-3), and the Declaration of Aaron Segovia (ECF No. 15-4) in support of the current Motion.

5.      In compliance with LR 7(d), Plaintiffs' counsel has conferred with Defendant's counsel, and this Motion is opposed.

WHEREFORE, premises considered, Plaintiffs pray that the Court conditionally certify the class proposed by Plaintiffs; for costs and a reasonable attorney's fee; and for all other relief to which Plaintiffs may be entitled, whether specifically prayed for or not.

## BRIEF IN SUPPORT

Plaintiffs, former Operators for Defendant, brought this lawsuit on behalf of all former and current Operators employed by Defendant during the relevant time period who were not exempt from the overtime requirement of the Fair Labor Standards Act. Pursuant to 29 U.S.C. § 216(b), Plaintiffs file the above Motion for Conditional Certification as representatives of a Fair Labor Standards Act ("FLSA") class under 29 U.S.C. § 216(b) which provides:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.   No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Such actions are referred to as collective actions. District courts have the discretion, in

Page 2 of 10
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB
Motion for Conditional Certification and Incorporated Brief in Support

appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action. *Hoffman-La Roache Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482 (1989). Plaintiffs ask this Court to certify the following class:

**All current and former employees of Defendant who were employed as Operators at any time since December 8, 2014.**

Defendant Fuelco Energy LLC is a business entity organized under the laws of Texas providing products and services in the oil and gas industry. Defendant is covered by the FLSA as an enterprise engaged in interstate commerce, utilizing goods that moved in interstate commerce, with annual gross revenues in excess of $500,000.00. Plaintiffs and members of the putative collective action class were/are employed by Defendant as Operators on or after December 8, 2014. Defendant uniformly violated the FLSA with respect to putative plaintiffs. Plaintiffs and putative plaintiffs were not properly compensated for all of their overtime work.

## I.    COLLECTIVE ACTION STANDARD

In *Hoffman-La Roche*, the Supreme Court held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in." 493 U.S. at 169. The key issue is whether the persons to whom notice would go are "similarly situated" to Plaintiffs. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); 29 U.S.C. § 216(b).

"The *Lusardi* two-stage approach is the prevailing standard among federal courts," to determine whether class certification is appropriate and "is the standard most frequently used by [the Eastern District of Texas]." *See Tice v. AOC Senior Home Health*

Page 3 of 10
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB
Motion for Conditional Certification and Incorporated Brief in Support

*Corp.*, 826 F.Supp.2d 990 (E.D. Tex. 2011) (internal citations omitted); *see also Neagley v. Atascosa County EMS*, 2005 U.S. Dist. LEXIS 230 (W.D. Tex. Jan. 7, 2005); *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987). Under *Lusardi*, collective action certification is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage. *Mooney v. Aramco Servs. Co.*, 54 F. 3d 1207, 1213-1214 (5th Cir. 1995). In the notice stage, a court determines whether the plaintiff has provided sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice. *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F.Supp.2d 618, 621 (N.D. Tex. 2008). If so, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. *Id*. The standard is "fairly lenient" and usually results in conditional certification. *Mooney*, 54 F.3d at 1213. After discovery and opt-in periods have taken place, the court reexamines the class, typically in response to a motion for decertification.   *Valcho*, 574 F.Supp.2d at 621.

"Because a Motion for conditional certification usually occurs early in the case and, thus, the court has minimal evidence before it, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F.Supp.2d at *995 (citing *Mooney*, 54 F.3d at 1214). A plaintiff need only show that his position is similar to the potential plaintiffs, not identical. *Id.*; *Watson v. Travis Software Corp.*, 2008 U.S. Dist. LEXIS 94824, *5 (S.D. Tex. 2008). The issue is whether potential class members performed the same basic tasks and were subject to the same pay practices. *Allen v. McWane, Inc.*, 2006 U.S. Dist. LEXIS 81543, *3 (E.D. Tex. 2006).

Because discovery usually has not been conducted at the first stage, courts do not review the underlying merits of the action in determining whether to grant conditional

**Page 4 of 10**
*Juan Segovia, et al. v. Fuelco Energy LLC*
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB**
**Motion for Conditional Certification and Incorporated Brief in Support**

certification. *Vanzzini v. Action Meat Distributors, Inc.*, No. H-11-4173, 2012 U.S. Dist. LEXIS 73905, *5 (S.D. Tex. May 29, 2012). "The conditional class certification stage is not an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *Luvianos v. Gratis Cellular, Inc.*, No. H-12-1067, 2012 U.S. Dist. LEXIS 183027, *20 (S.D. Tex. Dec. 10, 2012).

This case is at the notice stage and is subject to the more lenient standard based solely on pleadings and affidavits. *Neagley v. Atascosa County EMS*, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The pleadings and attached exhibits show there are many other individuals similarly situated to Plaintiffs. Every putative plaintiff was subject to Defendant's universal policies of misclassification under the FLSA and required to work far more than forty hours per week without overtime compensation.

## II.   ARGUMENT

### 2.1   Plaintiffs and Putative Class Members are Similarly Situated under the FLSA.

Although the Fifth Circuit has not ruled on the appropriate test to use at the notice stage, district courts within the Fifth Circuit agree that two elements are relevant to the determination of whether individuals are similarly situated for purposes of conditional certification, namely:

> (1) whether there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) whether those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted.

*Luvianos*, 2012 U.S. Dist. Lexis 183027, *14 and *Guillory v. PF&B Management, LP*, No. H-11-4377, 2012 U.S. Dist. LEXIS 151505, *11 (S.D. Tex. Sept. 14, 2012).  Some courts consider a third element—whether plaintiffs have shown that similarly situated

**Page 5 of 10**
*Juan Segovia, et al. v. Fuelco Energy LLC*
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB**
**Motion for Conditional Certification and Incorporated Brief in Support**

individuals "want" to opt in to the lawsuit. *Id.* But, the recent trend among district courts in Texas is to reject the third, non-statutory element. In *Luvianos*, the court rejected the third element because 1) the element is not a statutory requirement at the notice stage; 2) the court was unable to locate any higher court opinion which required, or even discussed, the third element; 3) unlike under F.R.C.P. 23, there is no numerosity requirement under the FLSA collective action procedures; and 4) the element "is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes." 2012 U.S. Dist. Lexis 183027, *15-16; *see also Guillory*, 2012 U.S. Dist. LEXIS 151505, *11-14; *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242 (W.D. Mich. 2011); *Villarreal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902, 915 (S.D. Tex. 2010).

This Court should decline to consider the third, non-statutory element, although Plaintiffs have exceeded any evidentiary requirements it would impose. The elements articulated in *Luvianos* support a finding that all Operator employees of Defendant are similarly situated.

    A.   <u>There is a Reasonable Basis to Believe Other Aggrieved Individuals Exist</u>.

Defendant operates in oil and gas fields throughout Texas. *See* Declaration of Juan Segovia ("Decl. J. Segovia") ¶ 4. ECF No. 15-1; Declaration of Victor Flores ("Decl. Flores") ¶ 4. ECF No. 15-2; Declaration of Eric Rodriguez ("Decl. Rodriguez") ¶ 4. ECF No. 15-3; Declaration of Aaron Segovia ("Decl. A. Segovia") ¶ 4. ECF No. 15-4. Defendant has a company-wide policy of not paying for overtime worked. Decl. J. Segovia ¶ 7, 13; Decl. Flores ¶ 7, 13; Decl. Rodriguez ¶ 7, 13; Decl. A. Segovia ¶ 7, 13. Although Defendant uniformly required Operators to work hours in excess of forty (40) per week, Defendant did not pay these individuals for all these hours. Decl. J. Segovia

**Page 6 of 10**
*Juan Segovia, et al. v. Fuelco Energy LLC*
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB**
**Motion for Conditional Certification and Incorporated Brief in Support**

¶ 6-7, 12–13; Decl. Flores ¶ 6-7, 12–13; Decl. Rodriguez ¶ 6-7, 12-13; Decl. A. Segovia ¶ 6-7, 12-13.

Plaintiffs worked at multiple locations, but regardless of where they worked, their job duties, working hours and pay structure remained the same and no new training or orientation was required when transferring between locations. Decl. J. Segovia ¶ 8, 10, 11; Decl. Flores ¶ 8, 10, 11; Decl. Rodriguez ¶ 8, 10, 11; Decl. A. Segovia ¶ 8, 10, 11. In working at multiple locations, Plaintiffs were able to observe and converse with other employees of Defendant. Decl. J. Segovia ¶ 14; Decl. Flores ¶ 14; Decl. Rodriguez ¶ 14; Decl. A. Segovia ¶ 14. Through conversations with other oilfield employees, it is apparent to Plaintiffs that other employees of Defendant would be interested in joining this lawsuit. Decl. J. Segovia ¶ 12; Decl. Flores ¶ 12; Decl. Rodriguez ¶ 12; Decl. A. Segovia ¶ 12. Plaintiffs estimate that Defendant employed between 30 and 100 Operators who were paid the same way as they were paid. Decl. J. Segovia ¶ 13; Decl. Flores ¶ 13; Decl. Rodriguez ¶ 13; Decl. A. Segovia ¶ 13. Therefore, the first *Lusardi* element weighs in favor of granting Plaintiffs' Motion for Conditional Certification.

B.    The Proposed Class is Similarly Situated as to Pay and Job Duties.

Plaintiffs and putative class members shared the same job titles, performed the same job duties, and were subject to the same expectations. Defendant refers to class members using common titles, specifically Operators, suggesting that these individuals performed similar job duties. Plaintiffs have confirmed this similarity. The primary job duties of Operators were to assist in pumping and fracking oil wells at well sites. Decl. J. Segovia ¶ 5. Decl. Flores ¶ 5; Decl. Rodriguez ¶ 5; Decl. A. Segovia ¶ 5. Thus, this factor weighs in favor of certification.

Page 7 of 10
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB
Motion for Conditional Certification and Incorporated Brief in Support

Plaintiffs' experiences across Defendant's locations further confirm the similarly situated status of the class members. The job duties performed by Plaintiffs were the same in all of the locations where they worked. Decl. J. Segovia ¶ 10; Decl. Flores ¶ 10; Decl. Rodriguez ¶ 10; Decl. A. Segovia ¶ 10. In fact, Plaintiffs were sent to work in multiple locations without any training or orientation as to how to perform their job in the new location. *Id*. No such training or orientation was necessary because the work is the same regardless of where it is performed. *Id*.

Other courts have relied on the fact that employees worked in multiple locations in granting conditional certification. In *Smith v. Frac Tech Services, LTD.*, the Eastern District of Arkansas certified a nationwide class of individuals employed as "field engineers," stating that "[t]he fact that Frac Tech could and did consistently send Field Engineers to work in districts other than their home district is further evidence that the duties of Field Engineers were substantially similar throughout the country." 2010 U.S. Dist. LEXIS 18657, at *12. Similarly, in *Deane v. Fastenal Co.*, the Northern District of California certified a nationwide class of "General Managers" based on the declarations of just two former employees.  No. 11-42, 2011 U.S. Dist. LEXIS 131178 (N.D. Cal. Nov. 14, 2011). The *Deane* court stated that it found "particularly persuasive the fact that plaintiffs worked at multiple stores in multiple states, and thus have personal knowledge of the similarities between the stores." *Id*. at *11.

Plaintiffs and the putative class members are also all similarly situated with respect to pay, earning less than full overtime premiums for all hours over forty (40) in a workweek. Decl. J. Segovia ¶ 7, 13; Decl. Flores ¶ 7, 13; Decl. Rodriguez ¶ 7, 13; Decl. A. Segovia ¶ 7, 13. All pay policies were handled through Defendant's single corporate

Page 8 of 10
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB
Motion for Conditional Certification and Incorporated Brief in Support

headquarters and payroll department. Decl. J. Segovia ¶ 17; Decl. Flores ¶ 17; Decl. Rodriguez ¶ 17; Decl. A. Segovia ¶ 17. Also, the job duties of Plaintiffs and the proposed class typically required more than forty (40) hour workweeks. Decl. J. Segovia ¶ 6, 12; Decl. Flores ¶ 6, 12; Decl. Rodriguez ¶ 6, 12; Decl. A. Segovia ¶ 6, 12.

Although Plaintiffs need only show that their position was similar, not identical, to those of the putative collective action members, the evidence demonstrates that Plaintiffs and putative class members are practically identically situated. *See Luvianos*, 2012 U.S. Dist. LEXIS 183027, *24. Therefore, the second element of the *Lusardi* test weighs strongly in favor of conditional certification of the class proposed by Plaintiffs. In fact, conditional certification on similar facts was previously granted in the Eastern District of Texas. *Joseph Gauthier, et al., v. TriCan Well Services Ltd.*, 6:13-cv-46-LED (E.D. Tex. Oct. 7, 2013). In *Gauthier*, the Hon. Leonard Davis presiding, granted conditional certification of a nationwide class of "Field Engineer" employees who claimed they were misclassified by their employer, Trican Well Service, L.P., a pressure pumping company. *Id*. The case was certified even though only one plaintiff appeared at the beginning of the case, and only the sworn testimony of that one plaintiff was offered at the time that the motion for conditional certification was filed. *Id*.

### III.   <u>CONCLUSION</u>

Plaintiffs' burden at this stage is lenient and easily met.   *Neagley v. Atascosa County EMS*, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The attached declarations provide ample factual basis to support conditional certification.   As Operators employed by Defendant, Plaintiffs and putative class members were uniformly subject to the same policies of Defendant that led to the violations of the FLSA alleged herein. For these

Page 9 of 10
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB
Motion for Conditional Certification and Incorporated Brief in Support

reasons, Plaintiffs respectfully request that this Court certify the class as described above.

Respectfully submitted,

**JUAN SEGOVIA and VICTOR FLORES, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing MOTION was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, using the Electronic Case Filing system of the Court, and that the attorneys listed below are registered to receive from the Clerk of Court an electronic copy thereof:

W. Craig Stokley, Esq.
Nathanial L. Martinez, Esq.
PALTER STOKLEY SIMS PLLC
Preston Commons – East
8115 Preston Road, Suite 600
Dallas, Texas 75225
Telephone: (214) 888-3112
Facsimile: (214)-888-3109
cstokley@palterlaw.com
nmartinez@palterlaw.com

*/s/ Josh Sanford*
**Josh Sanford**

**Page 10 of 10**
*Juan Segovia, et al. v. Fuelco Energy LLC*
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-FB-HJB**
**Motion for Conditional Certification and Incorporated Brief in Support**