IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN SEGOVIA and VICTOR FLORES, Each Individually and on behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § | Civil Action No. 5:17 CV 1246 |
| vs. | § § | |
| FUELCO ENERGY LLC, | § § | |
| Defendant. | § § § | |

## DECLARATION OF W. CRAIG STOKLEY

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

1. "My name is W. Craig Stokley. I am of legal age and of sound mind. I have never been convicted of a felony or of any crime involving moral turpitude.

2. "I am duly authorized to make this Declaration and I am competent to testify to the matters contained in this Declaration.

3. "I have been lead counsel for Defendant Fuelco Energy, LLC in connection with the above-referenced case ("Case") from its inception. I personally attended every hearing in this Case, and was involved in every document filed in this Case. I oversaw every aspect of the defense of Defendant Fuelco Energy, LLC in connection with this Case.

4. "At the very beginning of this Case, in February 2018, I personally called Plaintiffs' counsel Chris Burks, an attorney with the Sanford law firm at the time, and explained that contrary to the allegations in Plaintiffs' Original Complaint, Fuelco paid overtime to the Plaintiffs. Mr. Burks responded by explaining that they file their cases as unpaid overtime cases, and if it turns

out that an overtime premium was paid, then they just re-allege the case as an undocumented time case because that easily defeats summary judgment.

5.  In their Original Complaint, filed on December 8, 2017, the named Plaintiffs, Juan Segovia and Victor Flores, alleged that they were not paid any overtime, and that was the sole FLSA violation they asserted. Doc. 1 at 4, 6–7. On February 5, 2018, Eric Rodriguez filed a notice of consent to join as opt-in plaintiff, Doc. 4, and on May 7, 2018, Aaron Segovia did the same, Doc. 17. The evidence in the case showed that these original four Plaintiffs were the first crew Fuelco ever hired to perform its frac fueling service.

6.  "In connection with Fuelco's defense, my firm took approximately 16 depositions. The primary focus on these depositions was to understand the facts and allegations surrounding Plaintiffs' claims that they did post-and-pre trip inspections.  Very little, if any, of the deposition time or other discovery was spent on issues relevant to Plaintiff's rate-of-pay claims, or on determining who was actually driving.

7.  "After the Court ruled on Fuelco's summary judgment motion, the only remaining claims in the case related to drive time for employees actually spent driving (they were paid straight time, but there remained a fact issue as to whether they would be entitled to an overtime premium), and rate-of-pay claims asserting that the payments by Fuelco to Plaintiffs for non-compensable time riding to the jobsite amounted to a non-discretionary bonus that should increase their pay rate under the FLSA.

8.  "While Fuelco believes it would have prevailed at trial on those claims, fact issues existed surrounding those claims.  Plaintiffs' claimed damages for the time spent driving was $43,393 total for all Plaintiffs.  Plaintiffs' claimed damages for the rate of pay claims was $61,649 total for all Plaintiffs.  These amounts are prior to liquidation.

9. "In order to avoid the need for a trial, Fuelco settled and agreed to pay a total of $105,042 to all of the Plaintiffs. Notably, sixteen of the Plaintiffs received less than $500 (prior to tax withholdings), and three received around $50 each. The average amount received by each Plaintiff was $1780.37 (prior to tax withholdings). The exact distribution is set forth in the below chart:

| Last Name | First Name | Allocation |
|---|---|---|
| Alvarado | Felipe | $ 2,769.94 |
| Babbitt | Jimmie | $ 1,726.38 |
| Barrera | Robert | $ 293.76 |
| Biddle | Derrick | $ 50.01 |
| Bray | De'Mon | $ 622.75 |
| Browning, Eric | Eric Abraham | $ 272.80 |
| Browning, Jack | Jack | $ 2,418.94 |
| Campos | Jonathan | $ 298.01 |
| Carrington | Michael | $ 87.48 |
| Carter | Kendrick | $ 1,580.32 |
| Cockerham | Korwin | $ 1,075.37 |
| Collins | Calvin | $ 782.00 |
| Cruz | Ernesto | $ 211.08 |
| Dixon | Dominique | $ 5,567.64 |
| Dowell | James | $ 1,894.41 |
| Espinoza | Raul | $ 1,631.88 |
| Eureste | Derek | $ 1,077.30 |
| Exposito | Yacek | $ 1,060.17 |
| Flores, | Alfonso | $ 237.25 |
| Flores | Victor | $ 3,405.71 |
| Garza | Mario | $ 254.14 |
| Garza | Steve | $ 1,171.43 |
| Guajardo | Jason | $ 325.79 |
| Guzman | Benny | $ 1,062.58 |
| Hearon | Shaylon | $ 2,163.21 |
| Hernandez | Luis | $ 4,484.11 |
| Hicks | Deshonte | $ 390.09 |
| Hill | Aaron | $ 8,471.00 |
| Irving | Derrick | $ 4,485.95 |
| Johnson | Michael | $ 56.47 |
| Johnson | Mitchell | $ 2,835.78 |
| Lopez | Erick | $ 381.85 |
| Luna | Jose David | $ 7,881.68 |
| Mathis | Derrick | $ 3,536.14 |
| Mcdowell | Frederick | $ 145.49 |
| Mcgarity | Robert H. | $ 4,231.44 |
| McGarity | Robert T. | $ 3,835.71 |
| Mendez | Jaime Javier | $ 1,348.79 |
| Mendoza Tristan | Jose Guadalupe | $ 2,941.95 |
| Miranda | Christopher | $ 1,442.13 |
| Moreno | Matthew | $ 131.78 |
| Mukes | Demetrius | $ 615.15 |
| Padilla | Hector | $ 1,697.34 |
| Pafford | Lewis | $ 2,516.49 |
| Propeck | Carlos | $ 662.37 |
| Rios | Abel | $ 2,716.74 |
| Rojas-Gonzalez | Jose | $ 1,908.01 |
| Sanchez | Jonathan | $ 1,332.00 |
| Sandoval | Pablo | $ 2,231.91 |
| Segovia | Aaron | $ 2,560.50 |
| Segovia | Juan | $ 3,310.64 |
| Talese | Marcus | $ 2,313.36 |
| Thompson | Devon | $ 285.60 |
| Turner | Charles | $ 986.88 |
| Valderrama | Valarie | $ 83.43 |
| Walker | Warren | $ 50.00 |
| Warren | Kristain | $ 1,776.25 |
| Williams | Reggie | $ 117.73 |
| Zuniga | Joe | $ 1,236.89 |
| **Totals** | | **$ 105,042.00** |

10. "I included the pay-stubs that showed an overtime premium was paid when I responded to Plaintiffs' motion for conditional certification. Magistrate Judge Bemporad set the motion for hearing, and I attended with my client's general counsel Gary Lancaster. At the hearing, Judge Bemporad explained that motions for conditional certification in FLSA collective actions are routinely granted, but here the Plaintiffs claim is that they were not paid any overtime, but the pay stubs very clearly showed they were paid overtime—and he noted that it was a lot of overtime. Instead of granting the motion, Judge Bemporad signed an Order holding the Motion for Conditional Certification in abeyance and ordering pre-certification discovery, including the depositions of the four plaintiffs and Fuelco's corporate representative.

11. I have reviewed the fee statements submitted by the Sanford law firm in support of their fee application. The following describes Fuelco's analysis of the Lodestar for Plaintiffs' attorneys' fees and adjustments pursuant to the Johnson factors:

    a. My office converted Plaintiffs' spreadsheets in Docs. 176-1 and 176-2 from PDF to Microsoft Excel spreadsheet form, so the data could be useable. The data provided by Plaintiffs was not altered, but additional information was added as described below.

    b. <u>Exhibit 1</u>: Exhibit 1 to this Declaration is a summary spreadsheet of Fuelco's adjustment to the Lodestar for Plaintiffs' attorneys' fees in the ***Juan Segovia, et al.*** case and Fuelco's objections to Plaintiffs' attorney's time entries based on the *Johnson* factors;

    c. <u>Exhibit 2: Abandoned Claims</u>. My team first determined Plaintiffs' counsels' time entries that pertained to claims (alleged in the Original and First Amended Complaint) that Plaintiffs abandoned when they filed Plaintiffs' Second Amended

      Complaint and made a note next to each time entry for time spent pursing those abandoned claims. Exhibit 2 attached to this Declaration also identifies those time entries and the total hours that should be reduced due to Plaintiffs' abandonment of the original claims when they filed their Second Amended Petition. These objections are also identified on Exhibit 1.

d. <u>Exhibit 3: Unsuccessful Claims</u>. My team then did the same for Plaintiffs' counsels' time entries for work on claims on which Plaintiffs were wholly or partially unsuccessful and which were dismissed by the Court on summary judgment. Those are indicated on Exhibit 1 and further indicated on Exhibit 3 with the total hours reduced due to work on such unsuccessful claims.

e. Other *Johnson* Factors. My team then indicated on Exhibit 1 additional objections to specific time entries based on the *Johnson* factors. Those objections are indicated on Exhibit 1 as well as the following additional Exhibits:

    i. <u>Exhibit 4</u>: Excessive time. These time entries were reduced to zero.

    ii. <u>Exhibit 5</u>: Duplicative time. These time entries were also reduced to zero;

    iii. <u>Exhibit 6</u>: Work billed by attorneys that should have been performed by paralegals. These time entries were reduced to zero for the attorneys, and then such hours were added at the bottom of Exhibit 1 and multiplied by the paralegal's hourly rate of $145 to be included in the total reasonable fees allowed if they did not pertain to work on Plaintiffs abandoned or unsuccessful claims;

    iv. <u>Exhibit 7</u>: Work billed by attorneys that should have been performed by associate attorneys. These time entries were reduced to zero for Mr.

Sanford, and then such hours were added at the bottom of Exhibit 1 and multiplied by Mr. Short's reasonable hourly associate rate of $200 to be included in the reasonable attorneys' allowed if such work did not pertain to Plaintiffs' abandoned or unsuccessful claims;

    v.    <u>Exhibit 8</u>: Travel time billed at full time. If these time entries did not pertain to Plaintiffs' abandoned or unsuccessful claims, then these time for these entries were multiplied by .5 to reduce them per the case law cited in Fuelco's Response Brief.

    vi.    <u>Exhibit 9</u>: Vague time entries. These time entries were reduced to zero.

12. The following exhibits breakdown the time for each of Plaintiffs' attorneys:

    a.    <u>Exhibit 10</u>:    Josh Sanford;

    b.    <u>Exhibit 11</u>:    Vanessa Kinney;

    c.    <u>Exhibit 12</u>:    Sean Short; and

    d.    <u>Exhibit 13</u>:    Meredith McEntire.

13. My team performed the same analysis described in paragraph 6 regarding the *Aaron Hill* case as shown in Exhibits 14 and 15.

14. "Exhibit 17 shows a summary of time expended by each of Plaintiffs' attorneys by year to demonstrate when they worked on the case.

15. "As with much of Plaintiffs' counsels' time, expenses for travel and deposition costs were devoted to claims from their Original and First Amended Complaints which Plaintiffs ultimately abandoned when they filed their Second Amended Complaint, and they are not entitled to recover those expenses from Fuelco. Likewise, other expenses for travel and deposition costs were devoted to depositions regarding the claims that were the subject of Fuelco's motions for

summary judgment. The depositions focused on Plaintiffs' commute time and standby time claims, on which Plaintiffs were 90% unsuccessful. So they should only recover 10% of those expenses. Fuelco's objections and calculation of those expenses are shown on Exhibit 18.

Dated:  April 6, 2023

_____
W. Craig Stokley