IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JUAN SEGOVIA and VICTOR FLORES,**                                    **PLAINTIFFS**
**Each Individually and on behalf of All**
**Others Similarly Situated**

vs.                                    No. 5:17-cv-1246-JKP

**FUELCO ENERGY LLC**                                                        **DEFENDANT**

### REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant's Response to Plaintiffs' Motion serves only to underscore how unreasonable Defendant's positions have been throughout this case, and how this unreasonableness directly increased litigation costs. Defendant's position that Plaintiffs are entitled to $36,550.46 in fees for a successful FLSA collective action that was litigated over the course of five years is plainly unreasonable. Digging deeper, the justifications Defendant offers for this absurdly low amount do not withstand even a cursory examination. Plaintiffs address each of Defendant's meritless arguments in turn below.

A.    Plaintiffs' Hourly Rates Are Reasonable

First, Defendant argues that hourly rates should remain set at the amounts awarded to Plaintiffs' counsel in January of 2019 in *Furlow v. Bullzeye Oilfield Servs., LLC*[1]—rates which were themselves based on a criticized 2015 Rate Survey. This is yet another example of Defendant's unreasonable approach, with Defendant citing no factual basis or legal authority for the proposition that rates should remain so frozen in

---

[1] No. SA-15-CV-1156-DAE, 2019 U.S. Dist. LEXIS 59436 (W.D. Tex. Jan. 3, 2019).

Page 1 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

time. On the other hand, Plaintiffs have offered legal authority confirming that rates should naturally increase over time. *See Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020).

Recognizing the validity of *Veasey*, Defendant argues alternatively that hourly rates should be increased incrementally, applying step increases to each year. But this, again, is contrary to case law indicating that the hourly rate should be awarded at the *present* value. *See Missouri v. Jenkins*, 491 U.S. 274, 282, 109 S. Ct. 2463 (1989). More particularly, to compensate for the delay in payment in cases where attorneys' fees are dependent upon prevailing party status, hourly rates should be set either "by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value." *Id*; *Pruett v. Harris Cty. Bail Bond Bd.*, 593 F. Supp. 2d 944, 946 (S.D. Tex. 2008) ("The prevailing rate, unless other factors dictate, is the current rate that is paid to attorneys even though the litigation spans a number of years.").[2] Accordingly, hourly rates should be granted as requested by Plaintiffs.

B.   <u>The Number of Hours Billed is Reasonable</u>

*1. Plaintiffs did not abandon their claims.*

Next, Defendant argues that Plaintiffs are entitled to no recovery prior to beginning work on their Second Amended and Substituted Complaint—Collective Action ("Second Amended Complaint") (ECF No. 55, Filed 12/11/2018). Once again, Defendant's position is completely unreasonable and unfounded. Defendant argues,

---

2     *See also Wit v. United Behav. Health*, 578 F. Supp. 3d 1060, 1075 (N.D. Cal. 2022) ("Here, the Court finds that Plaintiffs' request that the lodestar be calculated using current rates to account for the nearly six-year delay in compensation is reasonable.") (citing *Oldoerp v. Wells Fargo & Co. Long Term Disability Plan*, No. 3:08-CV-05278 RS, 2014 U.S. Dist. LEXIS 80983, 2014 WL 2621202, at *4 (N.D. Cal. June 12, 2014) (granting attorneys' current rates for a case filed three years previously); *Harlick v. Blue Shield of California*, No. C 08-3651-SC, 2013 U.S. Dist. LEXIS 77834, 2013 WL 2422900, at *4 (N.D. Cal. June 3, 2013) (applying current rates to compensate for a five-year delay in payment)).

Page 2 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

incorrectly, that Plaintiffs abandoned their claims asserted in their Original Complaint—Collective Action ("Original Complaint") (ECF No. 1, Filed 12/18/2017) and First Amended and Substituted Complaint—Collective Action ("First Amended Complaint") (ECF No. 24. Filed 7/27/2018), both of which assert that Plaintiffs were improperly paid "straight time" for all hours worked over forty per week, meaning they were not paid any overtime premium for these hours over fort ("overtime hours"). *See* Original Complaint ¶ 20–22; First Amended Complaint ¶ 25–31.

Plaintiffs made a similar claim in their Second Amended Complaint. More particularly, Plaintiffs claimed that they were improperly paid straight time for certain overtime hours, including "Standby" and "Drivetime" hours. *See* Second Amended Complaint ¶ 20–22. Accordingly, Plaintiffs did not "abandon" their claim that they were improperly paid straight time wages for overtime hours, but rather they narrowed this particular claim from *all* overtime hours to a more specific category of overtime hours. In fact, Plaintiffs were successful in defending against Defendant's efforts to obtain summary judgment on Plaintiffs' straight time claims, with Plaintiffs producing sufficient evidence that 1) they performed compensable work during overtime hours that was categorized as "Standby" time but was paid at a straight time rate; and 2) they performed work while driving during overtime hours that was paid at a straight time rate. *See* Report and Recommendation of United States Magistrate Judge, p. 8–10 (ECF No. 65, Filed 3/4/2019); Order (ECF No. 158, Filed 9/28/22).

Far from abandoning their straight-time claims, Plaintiffs were successful in litigating these claims. Defendant's failure to pay an overtime premium for overtime hours worked was.  consistently at issue in this case. The scope of this claim simply

Page 3 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

narrowed over time. Of course, Defendant consistently denied these claims, refusing to concede that it had any policy of paying straight time wages for overtime hours worked.

In fact, Defendant went so far as to create a highly misleading picture of its overtime wage policies early on in this case. More particularly, in its Response to Plaintiff's Motion for Conditional Certification (ECF No. 18, Filed 5/14/2018), Defendant produced paystubs for a single week of work for each Plaintiff (ECF No. 18-2 to 18-5). Each of these paystubs reflected only "Regular" and "Overtime" wages, but did not reflect "Drivetime" or "Standby" hours, which were paid at a straight time rate. This omission was highly misleading and intended to create the appearance that Defendant did not have a policy of paying straight time wages for overtime hours worked. Defendants even argued that Plaintiffs' case represented a "shakedown" of Defendant.

It was not until this Court ordered Defendant to produce *all* paystubs for Plaintiffs and ordered Plaintiffs to depose Defendant's representative pursuant to F.R.C.P. 30(b)(6) that Defendant's policy of paying straight time wages for "Standby" and "Drivetime" became undisputed. *See* Order (ECF No. 34, Filed 8/28/2018). Once Plaintiffs received this information, they renewed their request for conditional certification (*See* Renewed Motion for Conditional Certification (ECF No. 44, Filed 11/15/2018)) and filed their Second Amended Complaint.

In short, while this case may have gotten off to a rocky start, Plaintiffs remained committed to—and were successful on—their claim that they were paid straight time wages for overtime hours throughout the course of this litigation. Accordingly, Defendant's effort to liberate itself from the responsibility of compensating Plaintiffs for attorneys' fees prior to the filing of the Second Amended Complaint should be rejected.

Page 4 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

*2. Plaintiffs were not unsuccessful on their claims.*

Like Defendant's unwarranted argument that no fees should be paid for work performed prior to the Second Amended Complaint, Defendant's arguments for excessive reductions related to "unsuccessful" claims should also be rejected.

Defendant begins its argument with the false assertion that "Plaintiffs' main theory of the case at that time was that they performed pre-trip and post-trip inspections that would make an otherwise non-compensable commute, compensable." *See* Response, p. 13. However, Plaintiffs' main theory was that they were paid straight time hours for a variety of overtime hours worked. More particularly, Plaintiffs alleged that "Defendant avoided paying an overtime premium for all hours worked over forty (40) by distinguishing Plaintiffs' earning into four distinct categories of time: "Regular," "Overtime," "Standby," and "Drivetime" and then making it a policy that it was only going to pay an overtime premium for the hours it considered to be "Overtime," rather than all hours worked in excess of forty (40)." *See* Second Amended Complaint ¶ 22.

In other words, improperly compensated "Drivetime" is only part of Plaintiffs' unpaid overtime wage claim, along with the "Standby" claims. Further, pre- and post-trip inspection claims are only a subset of the "Drivetime" claims along with the claim that Plaintiffs who drove the crew van with other employees were also performing work.

Indeed, very early Defendant attempted unsuccessfully to dispose of these issues by summary judgment. *See* Defendant's Motion for Summary Judgment (ECF No. 51, Filed 12/9/2018). The Court rejected Defendant's summary judgment argument that all "Standby" hours were non-compensable because genuine issues of material fact existed for trial regarding whether Plaintiffs were working during this time. *See* Report

**Page 5 of 18**
*Juan Segovia, et al. v. Fuelco Energy LLC*
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP**
**Reply in Support of Motion for Attorneys' Fees and Brief in Support**

and Recommendation, p. 8–10 (ECF No. 65, Filed 3/4/2019). The Court also rejected Defendant's request for summary judgment regarding the claims that "Drivetime" was compensable due to both pre- and post-trip inspections as well as work driving the vehicle containing the crew. *Id*. at p. 10–12. The Court also rejected Defendant's argument that if "Drivetime" payments were not made for compensable work, then they constituted discretionary bonuses that did not have to be included in the "regular rate" for purposes of calculating overtime wages. *Id*. at p. 14–15. The only issue on which Defendant had success was Plaintiff's alternative theory that "Standby" payments, if not made for compensable work time, constituted non-discretionary bonuses that should have been included in the "regular rate" for purposes of calculating overtime wages.

Clearly, Defendant knew well from very early on in this case that Plaintiff's pre- and post-trip inspection claims were only a subset of a subset of Plaintiff's overarching claim that they were not properly compensated for all overtime hours worked. Defendant's attempt to characterize this as Plaintiffs' "main theory of the case" is factually inaccurate and incompatible with Defendant's understanding of Plaintiff's claims throughout this case as expressed through its summary judgment efforts. Defendant's representation to the contrary is mistaken at best and dishonest at worst.

Having cleared the air on this issue, Defendant's argument that this Court must apply substantial and broad-ranging reductions to Plaintiff's fee request does not withstand the light of day. The only issues Plaintiffs were unsuccessful on were the pre- and post-trip inspection claims and the alternative claim that "Standby" time should constitute a non-discretionary bonus for purposes of calculating the regular rate. The viability of Plaintiffs' remaining claims remained intact at the time of settlement.

Page 6 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

In recognition of this fact, Defendant attempts to tie as much time as possible to the pre- and post-trip inspections as possible. Particularly, Defendant instructs this Court that the depositions in this case focused on the pre- and post-trip inspection claims. In order to dispel that tale, one need only look at the depositions (ECF No. 125-2 through 125-15) attached in support of Plaintiffs' Response to Defendants' Motion for Decertification of Collective Action. For example, in the Deposition of Dominique Lavelle Dixon (ECF No. 125-3) taken June 16, 2020, out of approximately 122 page of deposition testimony, only approximately 31 pages (page 37 through 68), addressed inspection of the passenger vehicle—roughly 25%.

Further, not all of the testimony addressing pre- and post-trip inspections is solely attributable to the issues on which Defendant achieved summary judgment. Rather, this testimony was also used in support of Plaintiff's successful decertification arguments. *See* Response to Defendant's Motion for Decertification of Collective Action, p. 11 (citing Dixon deposition testimony on inspections). (ECF No. 124, Filed 1/18/2021). Plaintiffs were successful in maintaining certification of the collective, meaning even the pre- and post-trip inspection testimony was used to further Plaintiffs' claims. Therefore, there is no basis for reduction for deposition-related time.

Finally, Defendant's argument that Plaintiffs were "75% unsuccessful" on Defendant's final summary judgment series is unreasonable. To begin with, of the five summary judgment motions (ECF No. 138–142), Plaintiffs were wholly successful on defending against Defendant's Motion for Summary Judgment on FLSA Claims for Standby/On-Call Time (ECF No. 142). Of the four remaining, Plaintiffs presented successful arguments regarding the compensability of "Drivetime" actually spent driving

Page 7 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

the company vehicle as well as the alternative theory that "Drivetime" payments should be included in the regular rate of pay. Moreover, Plaintiffs were also compelled to address Defendant's incendiary litigation tactics. *See* Response to Defendant's Motion for Summary Judgment Regarding First Sub-Class (Pre-Trip Inspection) and Rate of Pay Claims, p. 58–59 (ECF No. 150). In all, Plaintiffs successfully navigated Defendant's summary judgment series to ultimately go on and achieve a settlement. Further, Plaintiffs contend that the strength of their summary judgment responses precipitated Defendant's willingness to (finally) negotiate settlement in good faith in this case. Accordingly, Plaintiffs contend that they were fully successful on summary judgment despite a portion of their claims being disposed of. But if the Court must make some deduction for "unsuccessful" claims, then the Court should make no more than a 20% cut to the "Summary Judgment" category of work.

   *3.  Plaintiffs' billing was not "excessive."*

   Defendant next argues that some of Plaintiffs' billing is "excessive." First, Defendant argues that discussions of "potential plaintiffs" should be excluded from billing. However, all discussions of "potential plaintiffs" occurred either during the initiation of the case or the active opt-in period for the collective in this case, meaning those discussions were relevant to identifying plaintiffs and to management of the collective action. *See* Billing Spreadsheet, Entry #'s 68, 886, 888, 922, 1019, 1050. Accordingly, these entries are properly billable to this case.

   Defendant also argues that Plaintiffs billed excessive time to legal research, musing that Plaintiffs should have already done the relevant research in other prior cases. However, Defendant does not identify any prior cases for which this research

Page 8 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

should have been conducted, and even if it had, that does not preclude conducting legal research in the current case. Courts award fees for conducting legal research that is relevant to a particular case. *See e.g.*, *Trinity Lutheran Church of Columbia, Inc. v. Comer*, No. 2:13-cv-4022-NKL, 2018 U.S. Dist. LEXIS 190824, at *32 (W.D. Mo. Nov. 7, 2018) (declining to reduce time for legal research directly tied to briefing in the case); *Bode v. Kenner City*, No. 17-5483, 2018 U.S. Dist. LEXIS 169099, at *12-13 (E.D. La. Oct. 1, 2018). Plaintiffs' counsel recorded the actual amount of time it took them to complete tasks related to this case, and Defendant's unsupported and conclusory statements that the time expended is "excessive" does not amount to a meaningful objection. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight. The court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.") (internal citations omitted).

The same reasoning applies to Defendant's arguments that Plaintiffs expended excessive time on discovery responses. Plaintiffs prepared discovery responses for sixty (60) Plaintiffs, meaning Plaintiffs' counsel was required to contact sixty different Plaintiffs, gather information and include that information in each Plaintiff's discovery responses, along with producing standard objections to the discovery responses. Yet, Plaintiffs' only claim 47.35 total hours for the "Discovery Related" category of work— less than an hour per Plaintiff. *See* Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 32 (ECF No. 176-5). This is not "excessive" and in fact represents a 20.49% reduction from Plaintiffs' actual time on this category of work. *Id*. Defendant required

Page 9 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

Plaintiffs to respond to discovery requests but now does not want the responsibility of compensating Plaintiffs for this time, so Defendant has slapped the label "excessive" on the time. This is insufficient.

4. *Plaintiffs' billing was not "duplicative."*

Defendant next argues that billing should be reduced by 26.54 total hours for this case and the *Hill* case to account for "duplicative" billing. The accusation of "duplicative" billing is based solely on the fact that more than one attorney appears for certain aspects of this case such as hearings and depositions. However, Defendant cite no case law suggesting that this is inappropriate, and Plaintiffs are aware of none. *See e.g.*, *Gregory v. Belfor USA Grp., Inc.*, No. 2:12cv11, 2014 U.S. Dist. LEXIS 14296, at *18-19 (E.D. Va. Feb. 4, 2014) ("There is no per se rule preventing more than one attorney from participating in court, at depositions, or at conferences; indeed, in the Court's experience, attendance of more than one attorney is not at all uncommon"); *Rodriguez v. George's, Inc.*, No. 5:19-cv-5035, 2021 U.S. Dist. LEXIS 53997, at *10 (W.D. Ark. Mar. 23, 2021) ("The Court, based on its own experience in conducting settlement conferences in this precise type of case, finds that having two lawyers present is reasonable.").[3]

5. *Billing entries should not be changed to "paralegal" or "associate" rates.*

Defendant next argues that some attorney time was non-billable as being more appropriate for paralegals than for attorneys. With respect to the latter argument, Defendant cites no authority for the proposition that certain tasks should be performed

---

[3]      On this topic, Defendant also cites case law related to "overstaffing" cases without making any particular argument that this case was overstaffed. To be sure, Plaintiffs' billing records demonstrate that each biller in this case meaningfully contributed to its progress without duplication of effort and that this case was not overstaffed, particularly in light of the duration of this case, the number of Plaintiffs involved, and Defendant's aggressive litigation tactics.

Page 10 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

by Sean Short rather than Josh Sanford (an argument which is presumably based on their respective years of experience). Further, none of the entries identified in ECF No. 179-8 inherently indicate the same. So, this argument should be rejected.

Similarly, Defendant offers nothing to suggest that certain legal work must be performed by a paralegal rather than by an attorney. With respect to specific objections, Defendant repeatedly points to attorney receipt and review of consents to join this case, but it is clearly necessary for an attorney to know who the Plaintiffs in the case are, so these are not paralegal tasks. *See* "Segovia Attorney Time Billed for Paralegal Tasks," Entry #'s 845, 897, 976, 1025, 1026, 1031, 1048, 1048, 1033, 1056, 1065, 1078, 1124, 1144, 1158, 1168, 1171, 1173, 1181, 1220, 1241, 1296, 1332, 1333, (ECF No. 179-7).

Second, Defendant's position that the review of deposition transcripts and related note-taking in preparation for responding to Defendant's various summary judgment and decertification motions is paralegal work is completely unfounded. It is legal work to review and identify relevant facts from a deposition transcript, as is the creation of a spreadsheet intended to categorize these facts for use in responding to various motions is likewise legal work.[4] The attorney working on those motions is in the best position to identify relevant facts. Accordingly, there is no basis for refusing to permit billing for Entry #'s 685, 686, 1469, 1470, 2591, 2592, 2594, 2595, 2600, 2612, 2940, 2957 and 3347. Further, review of case law relevant to responsive pleadings is likewise legal work, making Entry # 2940 properly billable. Defendant chose to file a variety of motions, including the initial Motion for Summary Judgment (ECF No. 51) on which it was almost completely unsuccessful, the Motion for Decertification of Collective Action

---

[4]     With fifteen depositions of Opt-In Plaintiffs in this case, this is a substantial amount of data to review, identify as relevant, and sort in a manner that is usable for responding to Defendant's various motions for summary judgment and request for decertification.

Page 11 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

on which it was completely unsuccessful, and the various Motions for Summary Judgment (ECF No. 138–142) on which it was partially unsuccessful. It is also unreasonable to argue that every email with the court reporter is paralegal work.

*6. Defendant did not identify "clerical" work that should not have been billed.*

Defendant next argues that Plaintiffs improperly billed for "clerical" tasks. Plaintiffs recognize the general proposition that certain tasks may be clerical in nature and should not be billed by an attorney. But, many of the entries identified by Defendant in ECF No. 179-9 do not meet this standard. However, Plaintiffs do not intend to quibble over the 4.6 hours totaling $1,415.00 identified by Defendant and therefore agree to a reduction to Plaintiffs' fee request in this amount.

*7. Travel time should be reduced by 50%, but not non-travel billing.*

With respect to travel time, Plaintiff agrees that these amounts should be reduced by 50% and accepts Defendant's Exhibit No. 9 (ECF No. 179-10) as an accounting of travel time billed. Therefore, this Court should deduct the total amount of $21,977.25 from Plaintiffs fee request. This amount represents half of the total travel time billing of $47,014.50 (for 122.40 hours billed) plus 3.8 hours for the Aaron Hill deposition (lasting from 12:34 PM until 4:25 PM according to the transcript) and 2.2 hours for the Johnson deposition (lasting from 8:31 AM until 10:40 AM) at Sean Short's hourly rate of $255.00. These billable tasks were included in Entry # 2096 and 2100 in Defendant's "Segovia Travel Time Billed as Full Time" Table (ECF No. 179-10).

*8. Plaintiffs' litigation expenses are appropriate.*

Defendant's objections to Plaintiff's expenses are based on its debunked arguments about the degree of Plaintiff's success and the amount of deposition time

Page 12 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

devoted to successful versus unsuccessful claims, discussed thoroughly above. Further, depositions were necessary in this case and were used repeatedly by Plaintiffs in successfully responding to Defendant's myriad cases. There is no basis for denying Plaintiffs recovery of these expenses, including deposition costs, travel and hotel stays.

More particularly, travel related to the August 28, 2018, hearing was necessary and useful because the Court ordered Defendant to produce *all* paystubs, rather than the single *misleading* paystub for each Plaintiff (ECF No. 18-2 to 18-5) it produced in response to Plaintiff's Motion for Conditional Certification. *See* Order (ECF No. 34).

Moreover, Plaintiffs did not "abandon" their claim that they were paid straight time for overtime hours worked, Defendant's request that this Court deny costs incurred through November 12, 2018, should be denied. Likewise, Defendant's request that this Court deny expenses from June 17 until August 7, 2020, related to depositions should be rejected. Again, as set forth above, Defendant's argument that some small part of these depositions were related to claims on which Plaintiffs were successful does not justify a 90% reduction in costs. Further, as set forth above, even those parts related to pre- and post-trip inspections were utilized to successfully maintain certification of the collective in this case. Therefore, Plaintiffs are entitled to an award of these costs.

For the same reasons, Defendant's request that the Court reduce the amount of deposition transcript costs incurred on April 1, 2021, by ninety percent fails. Depositions were necessary and were fully utilized by Plaintiffs in successfully prosecuting this case.

C.    A Downward Deviation from the Lodestar Is Not Appropriate

Finally, Defendant requests a downward deviation from the lodestar amount of 67%. Defendant's basis for doing so is "proportionality" and "degree of success." There

Page 13 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

are a lot of reasons why this argument lacks merit. To begin with, Defendant inappropriately asks this Court to make both line-by-line deductions for allegedly "unsuccessful" claims, and then asks this Court to double-dip and reduce requested fees by yet another substantial percentage based on the amount of recovery, which also inherently accounts for allegedly "unsuccessful" claims. "When reducing fees, courts may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it may not do both. *Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-00265-KKM-AAS, 2022 U.S. Dist. LEXIS 16848, at *6 (M.D. Fla. Jan. 26, 2022) (internal quotation marks omitted).

Further, Courts should not overemphasize the amount of recovery "because an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 806 (11th Cir. 2020) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)). "[E]ach time the FLSA is enforced, it provides an incentive for employers to obey rather than flout the statute." *Id.* at 805 (editing marks in original).

In rejecting the employer's request for a deduction based on "the plaintiffs' alleged lack of success," the court in *Morales v. Farmland Foods, Inc.*, pointed out that the Court had "already determined that the settlement was fair and reasonable," and that while the settlement amount represented a small percentage of the plaintiffs' initial estimate of damages, "the settlement amount represents a significant increase from the amount (zero) of damages that the defendant contended was due and owing to the plaintiffs." No. 8:08CV504, 2013 U.S. Dist. LEXIS 56501, at *33–34. (D. Neb. Apr. 18, 2013). "A court should compensate the plaintiff for the time his attorney reasonably

Page 14 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention." *Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205 (2011)

Even the cases cited by Defendant do not support Defendant's request for overwhelming deductions to the lodestar amount. For example, citing *Saizan v. Delta Concrete Prods. Co*., 448 F.3d 795, 799-803 (5th Cir. 2006), the Court in *Cervantes v. Cotter*, reversed the district court's improper reduction of attorneys' fees based solely on the "results obtained" by plaintiffs in that case. 686 F. App'x 281, 281–82 (5th Cir. 2017). Yet, that is exactly what Defendant asks this Court to do—reduce the lodestar based solely on the results obtained.

So, how do Courts balance the prohibition on reducing fees based solely on results obtained with consideration of the results obtained?

> To state the obvious, it is not reasonable for an attorney to charge for time spent on tasks that lack any reasonable prospect of creating value for the client. After all, to charge for that time would benefit only the attorney, not the client. Yet the practice is sufficiently widespread that a term has been coined for it: churning.
>
> To be sure, not every attorney task will ultimately pay off for the client, even amongst the most conscientious of counsel. A legal theory might seem genuinely promising at the outset, but ultimately bear no fruit. Attorney time may be reasonably spent, even if it does not actually result in client value.
>
> That is why we have said that we do not reduce attorney fees "solely on the basis of the amount of damages obtained." *Black v. SettlePou, P.C*., 732 F.3d 492, 503 (5th Cir. 2013) (emphasis added). But that does not alter the fact that "[t]he most critical factor in determining an attorney's fee award is the 'degree of success obtained.'" *Saizan v. Delta Concrete Prods. Co*., 448 F.3d 795, 799 (5th Cir. 2006) (quotations omitted) (quoting *Singer v. City of Waco, Tex*., 324 F.3d 813, 829 (5th Cir. 2003)).
>
> These principles are not in conflict. Here's how to reconcile them: Attorney time must be spent in service of the best interests of the client. So where attorney time exceeds client value to a significant degree, courts should be suspicious. The overarching question that courts should ask in such circumstances is whether the attorney expended the time in a good faith pursuit of value for the client — or was instead engaged in churning

**Page 15 of 18**
*Juan Segovia, et al. v. Fuelco Energy LLC*
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP**
**Reply in Support of Motion for Attorneys' Fees and Brief in Support**

attorney fees. If the former, the time may be awarded, even though it ultimately proved fruitless. If the latter, the churned time should be denied.

*Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 262–63 (5th Cir. 2018) (James C. Ho, Circuit Judge, concurring).

Defendant's request for a downward deduction based on results obtained does not take into consideration the value of the time expended to the client or whether the time spent was reasonable. In fact, all value in this case would have been lost if Plaintiffs had not defended against Defendants' various motions to dismiss, motion for decertification and numerous summary judgment motions. What makes Defendant's request for downward deviation even more absurd is that the results obtained in this case were good. As Defendant notes, the settlement in this case amounts to $105,042.00 to Plaintiffs—a good result obtained. Knowing this, Defendant intentionally creates a deceptive perception that Plaintiffs sought $3.5 million in this case in order to "shock" the Court and achieve a resulting lodestar reduction. Accordingly, Plaintiffs must clear the air on this as well.

On *July 1, 2020*, Plaintiffs demanded (hereinafter "Demand") covering this and the *Hill* case. *See* Exhibit 1, Demand Letter Dated July 1, 2020. The Demand identified Defendant's decision to categorize hours as "Regular," "Overtime," "Drivetime" and "Standby while improperly making only "Overtime" hours subject to receiving an overtime premium. *Id*. The Demand also notes Plaintiffs' alternative theory that even if "Drivetime" and "Standby" time were not subject to overtime pay requirement, then payments for those categories should be considered non-discretionary bonuses subject to inclusion in the regular rate for overtime wage calculation purposes. *Id*. Plaintiffs then demanded $175,998.00 in unpaid wages and an equal amount in liquidated damages

Page 16 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

for a total of $351,996.16 to settle liability. *Id*. Plaintiffs then requested another $150,000.00 for attorneys' fees, bringing the entire settlement value to $501,996.16. *Id*.

Ultimately, Defendant refused to settle until the Court explained to Defendant that a reasonable jury could rule in Plaintiffs' favor on issues that Plaintiffs have raised throughout this case—that they were paid straight time for overtime hours worked, including "Drivetime" (for Plaintiffs' time spent driving the van with the rest of the crew) and "Standby" time (including time for yard work and travel time related to running various work-related errands). *See* Order (ECF No. 158).

It is Defendant's prerogative to defend this case aggressively, and Defendant did so, filing numerous and extensive motions all while taking every opportunity to disparage Plaintiffs' counsel. However, this type of hard-nosed litigation strategy ultimately drives up the cost of litigation, and Courts take this into consideration when awarding fees. *Morales v. Farmland Foods, Inc.*, 2013 U.S. Dist. LEXIS 56501, *21–23 (D. Neb. 4/18/2013), 2013 U.S. Dist. LEXIS 56501, *23–25 (D. Neb. Apr. 18, 2013) ("[A] reasonable fee award must take into account whether the defendant mounted an aggressive defense.") (collecting cases); *Lopez-Easterling v. Charter Communs. LLC*, No. 2:14-cv-1493-RDP, 2017 U.S. Dist. LEXIS 206490, at *11 (N.D. Ala. Dec. 15, 2017) ("But considering Defendant's 'contest everything' approach in this litigation, Plaintiff's counsel cannot be faulted for carefully supporting the fee petition with evidentiary support. 'It takes two to tango, and tango [Charter] did.'" (editing marks in original)).

Plaintiffs' fee request is reasonable and reflects the amount of effort necessary to successfully prosecute this case. The results obtained by Plaintiffs were excellent, as Plaintiffs secured recovery for unpaid wages. Plaintiff's fee request is well supported

Page 17 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support

and appropriate reductions have been made in the exercise of billing judgment. Defendant's suggestion that Plaintiffs are entitled to a mere $36,550.46 in prosecuting this case should serve as evidence to the Court of how unreasonable the entirety of Defendant's response to Plaintiffs' fee request really is. Accordingly, Plaintiffs respectfully request that this Court grant their requests for fees and costs in their entirety.

Respectfully submitted,

**JUAN SEGOVIA and VICTOR FLORES, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing REPLY was electronically filed with the Clerk for the U.S. District Court, using the ECF system, and that the attorneys below are registered therewith:

W. Craig Stokley, Esq.
James Owen Crewse, Esq.
STOKLEY PLLC
Campbell Centre II
8150 N. Central Expressway, Suite 550
Dallas, Texas 75206
Telephone: (214) 295-2414
cstokley@cstokleypllc.com
jcrewse@cstokleypllc.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 18 of 18
*Juan Segovia, et al. v. Fuelco Energy LLC*
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-1246-JKP
Reply in Support of Motion for Attorneys' Fees and Brief in Support